## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALEWELT CONCRETE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-1100-TC-BGS |
| | ) |
| JAI RANCHOD, LLC, d/b/a | ) |
| BUDGET INN & SUITES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER ON MOTION TO WITHDRAW AS COUNSEL

NOW BEFORE THE COURT is the "Motion to Withdraw as Counsel" (Doc. 42) filed by Jared Marsh and John Sill of Davis Business Law, PLLC, currently entered as counsel for Defendant Jai Ranchod, LLC.  For the reasons set forth below, the motion is **DENIED without prejudice** to refiling.

Withdrawal of counsel is governed by D. Kan. Rule 83.5.5.  Subsection (a) of that rule relates to withdrawal resulting in a client left without counsel.  Withdrawal under that circumstance is allowed only upon court order after the withdrawing attorney has filed a motion that meets the following requirements:

> (A) sets forth the reasons for the withdrawal, unless doing so would violate any applicable standards of professional conduct;
> (B) provides evidence that the withdrawing attorney provided the client with notice of:
>> (i) the admonition that the client is personally responsible for complying with all orders of the court and time limitations established by the rules of procedure or by court order; and
>> (ii) the dates of any pending trial, hearings, conferences, and deadlines; and
>
> (C) provides the court with a current mailing address and telephone number for the client[.]

*Id.*, at (a)(1).

In addition, the motion must be served on the attorney's client "either by personal service or by certified mail, with return receipt requested" and served "on all attorneys of record and *pro se* parties in the case pursuant to Fed. R. Civ. P. 5(b)." *Id.*, at (a)(2), (3). The withdrawing attorney must then file either "(A) proof of personal service of the motion to withdraw or the certified mail receipt, signed by the client; or (B) an affidavit indicating that the client received a copy of the motion to withdraw. **Withdrawal is not effective until the court enters an order authorizing withdrawal**." *Id.*, at (a)(4) (emphasis added).

The present motion is noncompliant with Local Rule 83.5.5. The letter to Jai Ranchod, LLC, which has been filed in support of the motion, indicates the Scheduling Order has been forwarded along with several deposition notices. (Doc. 44.) The letter also lists the impending October 5 deadline to produce Rule 26 documents. (*Id.*) Even so, the motion does not contain an admonition that the client is personally responsible for case compliance. Instead, the motion merely states that counsel has sent a letter "notifying Defendant of all deadlines and responsibilities." (Doc. 42, at 1.) The letter from counsel, while listing relevant deadlines, contains neither an admonition nor an explanation of such responsibilities. (*See* Doc. 44.) The motion also does not include proof of personal service of the motion, a certified mail receipt signed by the client, or an affidavit from counsel "indicating that the client received a copy of the motion to withdraw." D. Kan. Rule 83.5.5(a)(4).

The motion to withdraw (Doc. 42) is, therefore, **DENIED without prejudice**. Jared Marsh and John Sill of Davis Business Law thus remain entered as counsel for Defendant with all the resulting responsibilities.

The Court also notes that because the Defendant is a business association (in this instance an LLC), it "can only appear in court through an attorney." *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001). *See also American Contractors Indem. v. Boeding*, 490 Fed.Appx. 141, 143 (10th Cir.2012) (appellant "is not an attorney ... and may not represent … [a limited liability company] on appeal"); *Mitchell v. Deutsche Bank & Trust*, 2012 WL 1670168 (N.D.Tex.2012) ("business entities such as limited liability companies – as fictional legal persons – have no such right [to appear pro se ], and must be represented by licensed counsel"). Although defense counsel has yet to be granted permission to withdraw, if that occurs, Defendant Jai Ranchod, LLC will be required to retain new counsel without delay.

Dated this 3rd day of October, 2023, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge